### In re PFARR'S ESTATE.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. APPEAL FROM SURROGATE—QUESTIONS OF FACT—REFERENCE.

Under Code Civ. Proc. § 2586, giving the appellate court, on appeal from the surrogate court on the facts, the same power to decide the questions of fact which the surrogate had, with discretion to receive further testimony and appoint a referee, a reference will be had, the question being the legitimacy of the administrator, and it being evident that further and important testimony may be adduced.

Appeal from surrogate's court, Kings county.

In the matter of the estate of Joseph Pfarr, deceased. From a decree revoking letters of administration issued to Louis Pfarr (77 N. Y. Supp. 326), he appeals. Reference ordered.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Roswell H. Carpenter, for appellant.
August P. Wagoner, for respondent.

JENKS. J.   The learned surrogate justly says that the disposition of this case is a most unpleasant and distasteful task, inasmuch as it compels him to decide as to the legitimacy of the administrator.   I am certain that the issue was capable of more thorough presentation upon both sides.   If the issue involved a mere matter of dollars and cents, I should hesitate before making the recommendation which follows, for it is not for this court to direct rehearings merely because further evidence might have been adduced, but to dispose of the question upon the record presented by the counsel, on whom alone rests the responsibility of presentation.   But section 2586 of the Code of Civil Procedure is plain authority that we may act otherwise; and in a case of this character, where it is evident that further and important testimony may be adduced by either side, and records may be brought to court to resolve questions still in doubt, I think that justice will be best promoted by ordering a reference pursuant to the said section of the Code.

Ordered, that a reference be made of the issues of the legitimacy of the administrator to William J. Carr, provided the appellant shall elect therefor, within ten days after this decision, by presenting an order therefor upon two days' notice, to be settled before Mr. Justice JENKS in the justices' room of this court.   All concur.